[No. 3,533.]

# THE PEOPLE OF THE STATE OF CALIFORNIA v. LUCIEN HERMAN AND JOHN DOE.

ACTION TO ANNUL STATE CERTIFICATE OF PURCHASE.—In an action to annul a certificate of purchase of land sold on credit by the State for non-payment of the purchase money, if the holder of the certificate is known, the action must be brought against him by his real name, and there must be a personal service of summons. In such case the summons cannot be served by publication.

APPEAL from the District Court of the Thirteenth Judicial District, County of Fresno.

Action against Lucien Herman and John Doe to annul a certificate of purchase of State land for non-payment of the purchase money. The complaint alleged that the defendant, Lucien Herman, was the purchaser, and became the holder and owner of the certificate of purchase, and that

" said defendants are now the lawful owners and holders of said certificate of purchase No. 2,127." The decree stated that the defendant was the lawful owner and holder of the certificate, and that there was due by said defendant, on said land, as principal, the sum of three hundred and twenty dollars, and, as interest, the sum of sixty-four dollars.

The Sheriff of Fresno County returned the summons, with an indorsement that he could not find the defendants. The summons was then served by publication, and judgment was rendered by default. The defendant Herman then moved to set aside the judgment on his affidavit that he had not been personally served with summons. The Court below denied the motion, and he appealed from the order and from the judgment.

Section sixty-five of the Act to provide for the management and sale of lands belonging to the State (Laws 1867–8, p. 526) provides, among other things, that :

"The District Attorney shall, in the name of the People of the State of California, commence an action in the District Court against all purchasers or holders of certificates of purchase who have not either paid said amount so due, together with the cost of publication, or surrendered the title to the State, as provided in the preceding section, to obtain a decree of foreclosure of the interest of the purchaser or holder of the certificate of purchase in the land, and to annul said certificate of purchase. If the name of the holder of the certificate be not known, he may be sued under a fictitious name, and service of the summons may be had by publication in some newspaper published in the county, for four weeks; or if no newspaper be published in the county, then by posting one copy of the summons for four weeks at the Court House door of the county, and two copies in public places in the township where the land is situated."

*H. P. Irving,* for Appellant.

Lucien Herman was not proceeded against as an unknown defendant, and therefore the summons could not be served by publication. There was a manifest reason why an unknown holder of a certificate might be proceeded against by publication, whilst there could be no reason why personal service should not be made on the holder of the certificate who was known to be the holder. This is not the case of a collateral attack upon the judgment. The name of John Doe is united in the complaint with Lucien Herman; there is no statement in the complaint that John Doe is used as a fictitious name of the holder of the certificate. The law only authorizes the fictitious name to be used where the holder of the certificate is unknown. Suppose the name of Herman had been left out of the complaint and a suit had been instituted against John Doe, there would be nothing to show that John Doe was the fictitious name of the holder of the certificate, or that he was not the real holder, named John Doe. It is plain that the complaint, when a fictitious name is used, should have stated the fact that the holder of the certificate was sued by the fictitious name of John Doe, otherwise the real holder of the certificate, on seeing that Doe was sued as the holder of the certificate, might suppose him to be a real person, and believing that the interest of John Doe was to be foreclosed, would take no step to intervene or redeem within twenty days allowed by the sixty-sixth section of this statute.

Where the law authorizes a party to be sued by a fictitious name, surely the complaint ought to show that he is so sued. We insist, therefore, although the name of John Doe is united with that of Herman, it has no significance in this record, and must be regarded as mere surplusage, and if not so regarded, the proceedings and decree are void for uncertainty.

*John L. Love, Attorney General,* and *C. G. Sayles,* for the People.

By the COURT:

The proceedings here are governed by section sixty-five of the Act entitled "an Act to provide for the management and sale of the lands belonging to the State" (Stats. 1867–8, p. 526). It appears by the complaint that the defendant Herman is the owner or one of the owners of the certificate of purchase. There is no allegation that the name of the holder is unknown, and there is, therefore, no foundation for bringing the action against a fictitious person, and consequently no authority to make service of the summons by publication under the special provisions of the Act referred to.

Judgment reversed and cause remanded.